UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI TORRES *et al.*, | Civil No. 10cv465-L(JMA) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JP MORGAN CHASE BANK, N.A.'S MOTION TO DISMISS** |
| v. | |
| WASHINGTON MUTUAL BANK *et al.*, | |
| Defendants. | |

In this mortgage foreclosure action Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition. For the reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART.**

According to the complaint, Plaintiffs were owners of their primary residence located on 1587 Via Otano in Oceanside, California ("Property"). On or about September 12, 2006 they refinanced their mortgage with Defendant Washington Mutual Bank ("WaMu"). The new loan was secured with a deed on trust on the Property. Plaintiffs claim that WaMu failed to make the requisite disclosures to them before they entered into the transaction, issued a loan which substantially differed from WaMu's representations, and failed to provide Plaintiffs with loan documents in their native language. Although the loan was not suitable for Plaintiffs given their income level, Plaintiffs were current on their loan obligation when they filed this action.

On or about September 25, 2008 the United States Office of Thrift Supervision seized WaMu and placed it into receivership with the Federal Deposit Insurance Corporation ("FDIC"), which immediately sold WaMu assets to JP Morgan.  In June 2009 Plaintiffs contacted JP Morgan and requested loan modification; however, JP Morgan offered no options to Plaintiffs and refused to review their account.  Plaintiffs claim that this will result in the loss of their Property.

Plaintiffs filed a complaint in this court basing subject matter jurisdiction on 28 U.S.C. Section 1331 over claims arising under federal law, and 28 U.S.C. Section 1367 over related state law claims.  They alleged eight causes of action against WaMu and JP Morgan for intentional misrepresentation, fraudulent concealment and breach of fiduciary duty arising from WaMu's representations in connection with the September 12, 2006 refinance; violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") arising from failure to make the requisite disclosures at the time of the refinance transaction; violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") arising from WaMu's actions at the time of the refinance as well as JP Morgan's actions after acquiring WaMu; for violation of California Civil Code Section 1632 at the time of the refinance; breach of the Commitment to Purchase Financial Instrument and Servicer Participation Agreement for the Home Affordable Modification Program under the Emergency Economic Stabilization Act of 2008 ("Agreement") entered into between JP Morgan and Federal National Mortgage Association ("Fannie Mae"); and unlawful and unfair business practices pursuant to the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL").  Plaintiffs seek damages and rescission of the refinance loan.

JP Morgan filed a motion to dismiss for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a complaint may be

dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

JP Morgan argues that pursuant to the Purchase and Assumption Agreement it entered into with FDIC for the WaMu assets, it is not liable for actions undertaken by WaMu. The argument is based entirely on the Purchase and Assumption Agreement, which is not attached to the complaint.

Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Fed. R. Civ. Proc. 12(d). However, the court may take judicial notice of and consider "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citations omitted). The doctrine of incorporation by reference has been extended to "consider documents in situations where the complaint necessarily relies upon a document . . ., the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id*. (citations omitted). Accordingly, even where the complaint does not explicitly refer to the document, but the document is integral to the complaint and the document's authenticity is not disputed, the

document may be considered. *Id*. The complaint references JP Morgan's purchase of WaMu's assets from FDIC (Compl. at 2), and depends on it for almost all the claims asserted against JP Morgan. Plaintiffs do not dispute the relevance or authenticity of the Purchase and Assumption Agreement attached to JP Morgan's request for judicial notice as Exhibit 2. The agreement will therefore be considered for purposes of this motion.

Pursuant to Paragraph 2.5 of the Purchase and Assumption Agreement, JP Morgan did not assume WaMu's potential liabilities for borrowers' claims:

> 2.5   <u>Borrower Claims</u>.
>
> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure . . ., or otherwise arising in connection with the Failed Bank's lending . . . activities are specifically not assumed by the Assuming Bank.

(Req. for Jud. Notice Exh. 2.)

To the extent Plaintiffs assert claims against JP Morgan arising from Plaintiffs' refinance transaction with WaMu prior to September 25, 2008, when WaMu was seized and sold to JP Morgan, JP Morgan's motion to dismiss is **GRANTED**. Accordingly, the following claims are **DISMISSED** to the extent they are asserted against JP Morgan: first cause of action for intentional misrepresentation, second cause of action for fraudulent concealment, third cause of action for breach of fiduciary duty, fourth cause of action for TILA violations, and sixth cause of action for violation of California Civil Code Section 1632. The remaining causes of action are based at least in part on JP Morgan's own conduct after the Purchase and Assumption Agreement, and therefore cannot be dismissed on this ground.

In the second cause of action for RESPA violations, Plaintiffs alleged two violations based on JP Morgan's conduct after it purchased WaMu. As a servicer of Plaintiffs' loan, it allegedly violated 12 U.S.C. 2605(b) (Compl. at 17, 18), which requires "[e]ach servicer of any federally related mortgage loan [to] notify the borrower in writing of any assignment, sale, or

transfer of the servicing of the loan to any other person." In addition, it allegedly violated 12 U.S.C. Section 2605(e) by failing to respond to Plaintiffs' qualified written request sent on September 9, 2009. (Compl. at 17.) In all other respects, JP Morgan's motion to dismiss Plaintiffs' second cause of action is **GRANTED** based on Paragraph 2.5 of the Purchase and Assumption Agreement.

With respect to the remainder of the second cause of action, JP Morgan argues it should be dismissed as time barred. Pursuant to 12 U.S.C. Section 2614, a three-year statute of limitations applies to violations of section 2605. The statute runs "from the date of the occurrence of the violation." 12 U.S.C. § 2614. The earliest time for violation of section 2605(b) is September 25, 2008, when JP Morgan acquired WaMu, including "all mortgage servicing rights and obligations of the Failed Bank." (Purchase and Assumption Agreement, ¶ 2.1.) Because the complaint was filed on March 3, 2010, this claim is not time barred. JP Morgan allegedly violated section 2605(e) after September 9, 2009. This claim was therefore timely as well. Based on the foregoing, to the extent the second cause of action alleges JP Morgan violated 12 U.S.C. Section 2605(b) and (e), its motion to dismiss is **DENIED**.

In the seventh cause of action Plaintiffs alleged they were third party beneficiaries of agreements WaMu and JP Morgan each made with Fannie Mae, and that WaMu and JP Morgan each breached its respective agreement. (Compl. at 5-6, 18.) To the extent the seventh cause of action is based on WaMu's breach, JP Morgan's motion to dismiss is **GRANTED** based on Paragraph 2.5 of the Purchase and Assumption Agreement.

With respect to the remainder of the seventh cause of action, JP Morgan's alleged breach of its own agreement with Fannie Mae, JP Morgan argues it should be dismissed because Plaintiffs were not party to the agreement. This argument is based on a misunderstanding of the allegations in the complaint. Plaintiffs alleged they were entitled to relief as third party beneficiaries. (Compl. at 18.) JP Morgan does not address this legal theory in its motion. Accordingly, to the extent the seventh cause of action is based on JP Morgan's breach of its own agreement with Fannie Mae, the motion to dismiss is **DENIED**.

In the eighth cause of action, Plaintiffs alleged that Defendants violated the Unfair

Competition Law (Compl. at 19), which prohibits unlawful, unfair or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. "[I]t establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). "An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Yolo County Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiffs alleged that Defendants' practices or acts were "unlawful" because they violated the law as stated in the preceding seven causes of action. (Compl. at 19.) To the extent the eighth cause of action is based on WaMu's alleged wrongdoing, JP Morgan's motion to dismiss is **GRANTED**.

To the extent the eighth cause of action is based on JP Morgan's own wrongdoing as alleged in the second and seventh causes of action, it is sufficient, at a minimum, to state a claim for unlawful practices and therefore avoid dismissal. JP Morgan argues, however, that the claim should be dismissed on the alternative ground that Plaintiffs did not sufficiently allege standing. Pursuant to California Business and Professions Code Section 17204, an individual may bring a UCL claim if he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." Plaintiffs alleged that JP Morgan breached its agreement with Fannie Mae, which allegedly was intended to benefit Plaintiffs by providing for loan modification. (Compl. at 5-6, 18.) They further alleged that JP Morgan's breach "will result in the loss of Plaintiffs' home." (*Id.* at 18.) This is a sufficient allegation of standing to survive a Rule 12(b)(6) motion to dismiss.

Plaintiffs did not request leave to amend if the motion to dismiss is granted in any part. Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. Based on the provisions of the Purchase and Assumption Agreement, it does not appear that Plaintiffs could amend any of the dismissed claims so as to allege them against JP Morgan.

Based on the foregoing, Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The first cause of action for intentional misrepresentation, second cause of action for fraudulent concealment, third cause of action for breach of fiduciary duty, fourth cause of action for TILA violations, and sixth cause of action for violation of California Civil Code Section 1632 are **DISMISSED WITH PREJUDICE** to the extent they are alleged against Defendant JP Morgan Chase Bank, N.A. only.

2. To the extent the second cause of action for RESPA violations, seventh cause of action for breach of contract, and eighth cause of action for UCL violations are alleged against Defendant JP Morgan Chase Bank, N.A., they are **DISMISSED WITH PREJUDICE IN PART,** as stated more fully above.

3. This order has no effect on the claims to the extent they are alleged against Defendant Washington Mutual Bank.

**IT IS SO ORDERED.**

DATED: May 23, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER,
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL